## Case No. 9,040.

### In re MANNING.

[5 Biss. 497.] [1]

Circuit Court, N. D. Illinois. Dec., 1873.

BANKRUPTCY—NOTE—GUARANTOR—PARTNER.

Where partners, in compromise with their creditors, gave their note in settlement, guaranteed by the attorney, such guarantor cannot be made a party to bankruptcy proceedings against the partners, even though, after the settlement, he became a partner.

[In review of the action of the district court of the United States for the Northern district of Illinois.]

Petition of review filed by William J. Manning, against whom adjudication of bankruptcy had been entered as partner with Edmund Shanahan and James West.

Tenneys, Flower & Abercrombie, for petitioning creditors.

T. M. Manning, for petitioner in review.

DRUMMOND, Circuit Judge. The only question I have considered it necessary to decide is as to the effect of the signature of Manning to the notes that were offered in evidence, which, it was contended, showed that there was a suspension of the payment of commercial paper, and a continuance of such suspension for more than fourteen days.

The petition in bankruptcy was originally filed against Shanahan and West. Afterwards William J. Manning was made a party. It was as amended filed against them all, as partners; and the question is whether the promissory notes offered in evidence showed as to Manning that it was a suspension by him as a partner of West and Shanahan and so continued for more than fourteen days, within the meaning of the bankrupt law [of 1867 (14 Stat. 517)]; and I have come to the conclusion that it was not.

Shanahan and West were partners. They got into trouble, and proceedings in bankruptcy were commenced against them. A compromise was made which was negotiated by Manning, a lawyer of this city. It was proposed that they should pay a certain percentage on their indebtedness and that time should be given them. They were unable to find the security required, and finally Manning became security; and in consequence of that arrangement a partnership was entered into between Manning, and Shanahan and West. The notes offered in evidence were the notes of Shanahan and West guaranteed by Manning, and, except one of the notes, secured by him on real estate. The notes ran in this form: "Five months after date for value received we promise to pay to the order of L. M. Bates & Co. thirteen hundred and ninety-five dollars and ninety-four cents, at the First National Bank. Shanahan & West." On the back of the note was written: "For value received I hereby guar-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

antee the payment of the within note at maturity. William J. Manning." Now the question under the contract which Manning made with Shanahan and West, by which he became a partner and assumed and indorsed these notes, is whether this was his commercial paper, for which a suspension of payment, and non-resumption for fourteen days authorized a proceeding in bankruptcy against him. It may be a question of some nicety, but I think that it is not fairly within the true construction of the bankrupt law; that it was not such commercial paper given by him as a partner, for which as against him proceedings in bankruptcy could be commenced. He was simply an indorser or guarantor. He had nothing to do with the original consideration for which the paper was given, and there may be great doubt whether Manning, as to the notes guaranteed by him, assumed the character of a merchant, though he did as to the future by his contract of partnership. I make no decision upon any other point. I think the decree of the district court as to Manning, was wrong. The adjudication of bankruptcy as to Manning must be set aside and proceedings dismissed as to him.

[Subsequently Manning filed a petition in the district court asking to have the bankrupt's assets paid over to him as a solvent member of the bankrupt firm. The petition was denied. Case No. 12,701.]